UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

PRO SE PRISONER CIVIL RIGHTS COMPLAINT

WARNING: You cannot use this form to ask the Court to release you from prison, to shorten your sentence, or to give you back good time credits that were taken away. If that is what you want, you must use the forms for a writ of habeas corpus.

CASE NO. _____

PLAINTIFF(S) [Write the name(s) of the person(s) complaining]

Jeri D. Kollock

_____

_____

_____

_____

VS.

DEFENDANT(S) [Write the name(s) of the person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe". Include the defendant's rank or title and place of employment if you know it.]

Bridgeport ct's Mayor - Joe Ganim
Bridgeport Police department as well as Chief Armando Perez
John Doe Bpt Police officer
John Doe Bpt Police officer
John Doe Bpt Police officer

Rev. 10/14/09



### A. JURISDICTION



I can bring my complaint in federal court because I am suing:

1. \_\_\_✓\_\_\_ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

### B. PLAINTIFF(S) (THE PERSON(S) FILING THIS COMPLAINT)

1. First Plaintiff
    a. Full Name: Jeri Darnell Kollock
    b. Inmate Number: 264119
    c. Correctional facility: Corrigan C.I.
    d. State of citizenship: Legal

2. Second Plaintiff
    a. Full Name:
    b. Inmate Number:
    c. Correctional facility:
    d. State of citizenship:

C.  **DEFENDANT(S)** (THE PERSON(S) WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

If you are suing more than six people, attach additional pages. Provide items 1, 2, and 3 for each additional defendant.

1.  First Defendant
    a. Full Name: Joseph Ganim
    b. Rank or Title: Mayor
    c. Workplace: City Hall (City of Bpt)

2.  Second Defendant
    a. Full Name: Armando Perez
    b. Rank or Title: Police Chief
    c. Workplace: Bpt Police Station (City of Bpt)

3.  Third Defendant
    a. Full Name: John Doe
    b. Rank or Title: Police Officer
    c. Workplace: Bpt Police Station (City of Bpt)

4.  Fourth Defendant
    a. Full Name: John Doe
    b. Rank or Title: Police Officer
    c. Workplace: Bpt Police Station (City of Bpt)

5.  Fifth Defendant
    a. Full Name: John Doe
    b. Rank or Title: Police Officer
    c. Workplace: Bpt Police Station (City of Bpt)

6.  Sixth Defendant
    a. Full Name: John Doe
    b. Rank or Title: Police Officer
    c. Workplace: Bpt Police Station (City of Bpt)

D.  PREVIOUS LAWSUITS RELATED TO THIS CASE


Tell the Court if any plaintiff has filed other state or federal lawsuits involving these defendants or events. If you need more space, attach additional pages. Provide items a-d for each case.

1.  First Lawsuit

    a.  Court and Date filed:

    b.  Caption and Docket No.:

    c.  Briefly, what was this lawsuit about?



    d.  Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?


2.  Second Lawsuit

    a.  Court and Date filed:

    b.  Caption and Docket No.:

    c.  Briefly, what was this lawsuit about?



    d.  Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?


3.  Third Lawsuit

    a.  Court and Date filed:

    b.  Caption and Docket No.:

    c.  Briefly, what was this lawsuit about?


    d.  Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

E.  OTHER LAWSUITS

Tell the Court if any plaintiff has filed other federal lawsuits in this court within the past ten (10) years. If you need more space, attach additional pages. Provide items a-d for each case.

1. <u>First Lawsuit</u>

    a. Court and Date filed:

    b. Caption and Docket No.:

    c. Briefly, what was this lawsuit about?

    d. Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

2. <u>Second Lawsuit</u>

    a. Court and Date filed:

    b. Caption and Docket No.:

    c. Briefly, what was this lawsuit about?

    d. Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

3. <u>Third Lawsuit</u>

    a. Court and Date filed:

    b. Caption and Docket No.:

    c. Briefly, what was this lawsuit about?

    d. Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

F.  REASON FOR COMPLAINT

**WARNING: Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim. If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Assistance at 1-800-301-ILAP (4527) before you file.**

1. **Failure to use the prison grievance process before suing.** You can generally only sue for events that you have already complained about through the prison grievance process. If you have not followed all the steps in the grievance process before you come to court, the defendants may be able to get your case dismissed for "failure to exhaust administrative remedies." If your case is dismissed, you will lose your filing fee.

2. **Complaining about incidents that happened a long time ago.** You can generally only sue for events that happened within the last three years. If you are suing over events that happened earlier than that, the defendants may be able to get your case dismissed under the statute of limitations. If your case is dismissed, you will lose your filing fee.

3. **Suing people who were not personally involved.** You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor both knew about the actions of other defendants and failed to stop them. Just being a supervisor usually is not enough.

4. **Suing defendants who have immunity to suit for money damages.** You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Assistance first, or your case may be dismissed on the basis of immunity and you will lose your filing fee.

5. **Complaining about a criminal conviction or prison disciplinary**

proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim. Until then, your best strategy is to call the Inmate Legal Assistance Program at 1-800-281-ILAP before you file a complaint. If Inmate Legal Assistance says you do not have a good case, you should consider that advice very seriously.

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to be specific about dates, times, and the names of the people involved. It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person. For example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

Here is an example of the proper way to describe your claims:

Example of Statement of Case

1. On April 1, 2007, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed him my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.

Rev. 10/14/09                                7

Now describe your claims.

Statement of Case

1. On or about Sept 17 2017 I arrived on newfield & beardsly to a vigil for Eric Diaz; whom I found out was killed the night before.

2. The scene was filled with a bunch of people when I got closer I realized it was a bunch of his friends.

3. The Bridgeport Police came and ask everyone to not block the road and we can stay.

4. So a few of us who were older ask the kids to not block the street and they eventually move to the sidewalks.

5. Meanwhile about a hour later a big white cop pulled up and said "what the fuck is this I'm gonna break this shit up"

6. Before he came everything was under control I was sitting on a corner watching as he called for back-up.

7. Back-up came they literally and physically slammed me off the ground slammed me face first to the ground.

8. When they slammed me he said "you getting it first" the maced and jump on a bunch of kids for (No Reason)

9. My teeth and gums were broken I was then escorted to the hospital.

10. Where I was transferred to Yale from bpt for plastic surgery where I also found out they ripped my ear that was healing from a accident a month prior. I was assaulted for no reason at All.

If you need more space, attach additional pages, but be as brief as possible.

Rev. 10/14/09                                        8

G.  REQUEST FOR RELIEF

Tell the court what kind of relief you want. Remember: (1) You can only get money damages for mental or emotional injury if you were also physically injured. (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney if you had one. (3) You cannot use a Section 1983 or Bivens action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must pursue a Writ of Habeas Corpus.

250,000$ from each defendant in Compensatory damages
250,000$ from each defendant in nominal Damages
250,000$ from each defendant in Punitive damages.

H.  Do you wish to have a jury trial?  Yes ✓   No ___

I.  DECLARATION UNDER PENALTY OF PERJURY

Warning: You must sign this or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: _____

Signed at  Corrigan C.I.  (Location)   on  8·31·2020  (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. The complaint cannot be filed without a signature from each plaintiff.

## J. FINAL INSTRUCTIONS

**WARNING: Your complaint will not be filed unless you complete each of these steps:**

1. Sign the Declaration under Penalty of Perjury on p. 9

2. Be sure to include the date with your signature on p. 9

3. Enclose a check for $350 (payable to "Clerk, United States District Court") **OR** a completed Application to Proceed In Forma Pauperis

4. Enclose **one** copy of the complaint for the Clerk's Office. You do not need to send a copy for each defendant.

5. Send the complaint plus either your application for IFP status or your check for $350 (payable to "Clerk, United States District Court") to one of the addresses below:

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 915 LAFAYETTE BOULEVARD, BRIDGEPORT, CT 06604.

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 450 MAIN ST, HARTFORD, CT 06103

   - CLERK'S OFFICE, UNITED STATES DISTRICT COURT, 141 CHURCH ST, NEW HAVEN, CT 06510

**Remember, the Clerk cannot file your complaint unless you take all of the steps above.**